

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| EDWARD FOWLER, RICK BURCHAM, GENE LANGSTON, KENNETH PHELPS, ANTONIO TORRES III, DILLON STAAS, and JOHN TOBAR,<br>　　Plaintiffs,<br><br>v.<br><br>HARMON MABRY ENTERPRISES, LLC and GEORGE HARMON III,<br>　　Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. W-13-CV-185 |

## ORDER

Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), asserting that Defendants did not pay them for overtime hours. Defendants have moved for summary judgment. Although granted an extension of time, Plaintiffs have not responded to Defendants' motion. Having reviewed the unopposed motion, the uncontroverted exhibits, and the applicable legal authority, the Court is persuaded Defendant's motion is meritorious and should be granted.

## I. BACKGROUND

The facts as alleged in Plaintiff's First Amended Complaint consist of the following:

　　13.　Plaintiff EDWARD FOWLER has been employed by Defendants from August 2010 to January 2013 as a service technician.

  14. Plaintiff RICK BURCHAM was employed by Defendants from November 2010 to February 2012 as a service technician.

  15. Plaintiff GENE LANGSTON was employed by Defendants from October 2011 to December 2012 as a helper.

  16. Plaintiff KENNETH PHELPS has been employed by Defendants from June 2008 to April 2013 as a service technician.

  17. Plaintiff ANTONIO TORRES III has been employed by Defendants from 2011 to 2012 as a service technician.

  18. Plaintiff DILLON STAAS was employed by Defendants from January 2010 to July 2011 as a helper.

  19. Plaintiff JOHN TOBAR was employed by Defendants from July 15, 2003 through June 14, 2012 as a dig crew foreman.

  20. During one or more weeks of Plaintiffs' employment with Defendants, Plaintiffs have worked in excess of forty (40) hours (overtime hours).

  21. During one or more weeks of Plaintiffs' employment with Defendants wherein Plaintiffs worked overtime hours, Defendants have failed to pay Plaintiffs one and one-half times their regular rate of pay for each overtime hour worked.

Plaintiff's First Amended Complaint, pp. 2-3.

The uncontroverted summary judgment proof presented by Defendant establishes the following:

Defendants are Harmon Mabry Enterprises, LLC ("HME"), which operates a plumbing company in Central Texas known as Mr. Rooter of Central Texas ("Mr. Rooter"), and George M. Harmon, III ("Harmon"), who acts as its general manager. HME is a retail or service establishment as defined by the FLSA which derives its income primarily from retail sales and services to private homeowners, including plumbing repairs and replacement services involving such items as water heaters, toilets, drains and sewer lines. HME does not engage in new construction plumbing work under contract with general contractors.

2

Plaintiffs were all employed by Defendant HME for various lengths of time as commission-based employees, meaning that their compensation was derived from commissions paid on goods or services sold by them. Each Plaintiff was paid a regular rate of pay exceeding 1.5 times the applicable minimum wage for every hour worked in a workweek in which overtime hours were worked. More than half of each Plaintiff's total earnings in a representative period of not less than one month consisted of commissions.

## II. SUMMARY JUDGMENT

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A disputed material fact is genuine if the evidence is such that a jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The initial burden to demonstrate the absence of a genuine issue concerning any material fact is on the moving party. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). Upon such a showing, the burden shifts to the non-moving party to establish that there is a genuine issue. *Id*. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

of proof at trial." *Id.* at 322.  All reasonable inferences are drawn in favor of the nonmoving party, but a party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (*quoting Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co.*, 530 F.3d at 398-99.

## III. DISCUSSION

The FLSA requires that employers pay their employees a minimum wage of not less than $7.25 per hour.  Section 206(a).  The FLSA further mandates that employees shall not work longer than forty (40) hours in one workweek unless the employee receives compensation at a rate of not less than one and one-half times his regular rate of pay.  Section 207(a).  An exception for this requirement is provided for employment of commission-based employees by a retail or service establishment, which are exempt from paying employees overtime wages.  Section 207(i).  This exception requires that the regular rate of pay of such employees be in excess of one and one-half times the required minimum hour wage and that more than half the employees' compensation for a representative period (of not less than one month) represents commissions on good or services.  *Id.*

The uncontroverted summary judgment proof establishes that Defendants satisfied both prongs of the exception under Section 207(i) as to each Plaintiff. Accordingly, it is

**ORDERED** that the Motion for Summary Judgment filed by Defendants Harmon Mabry Enterprises, LLC and George Harmon, III is **GRANTED**. It is further

**ORDERED** that any additional motions not previously ruled upon by the Court are **DENIED**.

**SIGNED** this 24th day of March, 2014.

**WALTER S. SMITH, JR.**
**United States District Judge**