IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

EDWARD FOWLER,
RICK BURCHAM,
GENE LANGSTON,
KENNETH PHELPS,
ANTONIO TORRES III, and
DILLON STAAS,

    Plaintiffs,

v.                                C.A. NO.: 6:13-cv-00185-WSS

HARMON MABRY ENTERPRISES, LLC. and
GEORGE HARMON III,

    Defendants.
_____/

## PLANTIFFS' MOTION FOR RELIEF FROM ORDER/JUDGMENT

Plaintiffs, GENE LANGSTON, and DILLON STAAS, by and through their undersigned counsel, pursuant to Rule 60 of the Federal Rules of Civil Procedure, hereby move for relief from the Order (Doc. 17) and Judgment (Doc. 18) entered by this Court on March 24, 2014. In support of the motion, Plaintiffs submit the following:

### BACK GROUND FACTS

On January 17, 2014, Defendant's filed a Motion for Partial Summary Judgment. (Doc. 14). Defendants' Motion for Partial Summary Judgment requested

the entry of partial summary judgment as to the claims of Plaintiffs, EDWARD FOWLER, RICK BURCHAM, KENNETH PHELPS, and ANTONIO TORRES, III. (Doc. 14, Pg. 1). Defendants did not request summary judgment as to the claims of Plaintiffs, GENE LANGSTON, and DILLON STAAS. Moreover, Defendants submitted no evidence supporting the entry of summary judgment as to Plaintiffs, GENE LANGSTON, and DILLON STAAS.

The Order entered by this Court on March 24, 2014, granting Defendant's Motion for Partial Summary Judgment states, in pertinent part:

> The uncontroverted summary judgment proof establishes that Defendants satisfied both prongs of the exception under 207(i) as to each Plaintiff. (Doc. 17, Pg. 5).

The Judgment (Doc. 18) thereafter entered by the Court states, in pertinent part:

> **IT IS ORDERED, ADJUDGED AND DECREED** that Plaintiffs **TAKE NOTHING** in their claims against Defendants. (Doc. 18).

## SUMMARY OF ARGUMENT

Plaintiffs, GENE LANGSTON, and DILLON STAAS, are entitled to relief from the Order (Doc. 17) and Judgment (Doc. 18) entered by this Court on March 24, 2014, on the grounds that there is no evidence in the record supporting the entry of summary judgment as to their claims.

Defendant did not request summary judgment as to the claims of Plaintiffs, GENE LANGSTON, and DILLON STAAS; thus, entry of the Order and Judgment

came as a surprise to Plaintiffs as they were not on notice that their claims were in jeopardy.

## MEMORANDUM OF LAW

Rule 60 of the Federal Rules of Civil Procedure provides, in pertinent part:

**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

Fed.RCivP. 60.

A Rule 60(b) motion to set aside judgment is to be "construed liberally to do substantial justice." *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965). It has been most liberally applied to default judgments; its main application is to those cases in which the true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence. See *Dugan v. United States*, 521 F.2d 231 (5th Cir. 1975). The purpose of the motion is to permit the trial judge to reconsider such

matters so that he can correct obvious errors or injustices and so perhaps obviate the laborious process of appeal.

The movant has the burden of establishing at least one of these "exacting substantive requirements," and the determination of whether that burden has been met rests within the sound discretion of the trial court. *See Lavespere,* 910 F.2d at 173–74; *Resolution Trust Corp.,* 846 F.Supp. at 1314; *James v. Branch,* No. 07–7614, 2008 WL 4808898 (E.D.La. Oct.31, 2008) (citing *Garcia v. Woman's Hosp. of Tex.,* 97 F.3d 810, 814 (5th Cir.1996)).

In the case at bar, Plaintiffs, GENE LANGSTON, and DILLON STAAS, respectfully request relief from the Order and Judgment entered on March 24, 2014, because judgment as to their claims is not supported by the evidence in the Record. Since there is no evidence in the record to support a judgment as to their claims, Plaintiffs, GENE LANGSTON, and DILLON STAAS, assert that entry of the Order and Judgment as to their claims was either a clerical mistake, oversight or omission constituting grounds for relief pursuant to Rule 60.

Moreover, Defendant's Motion for Partial Summary Judgment was solely directed towards Plaintiffs, EDWARD FOWLER, RICK BURCHAM, KENNETH PHELPS, and ANTONIO TORRES, III; thus, entry of summary judgment as to the

claims of Plaintiffs, GENE LANGSTON, and DILLON STAAS, came as a surprise to the Plaintiffs as they were not on notice that their claims were in jeopardy.

WHEREFORE, Plaintiffs, GENE LANGSTON, and DILLON STAAS, respectfully request that this Court enter an Order relieving them from the Order and Judgment entered in this matter on March 24, 2014.  (Doc. 17-18).

### **CERTIFICATE OF CONFERENCE**

In accordance with Local Rule CV-7(i) the undersigned has conferred with counsel for Defendant regarding the substance of Plaintiff's Motion for Relief from Order/Judgment and has not yet received a response as to his position on the relief sought herein (counsel for Defendant sent a copy of the Motion to Defendant for its input).  Due to the nature and timing of the instant Motion, Plaintiff moved forward with filing without receiving a response.  The undersigned will supplement this Certificate upon receiving a response from counsel for Defendant.

Respectfully submitted this 22nd day of April, 2014.

        Respectfully submitted,

        ROSS LAW GROUP
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawgroup.com

_____
CHARLES L. SCALISE
Texas Bar No. 24064621

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of April, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification to the following:

>Thomas A. Nesbitt
>Deshazo & Nesbitt, LLP
>809 West Avenue
>Austin, TX 78701

*/s/Charles L. Scalise*
Charles L. Scalise